IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HOUSER,[1] | : |
| | : |
| Plaintiff | : |
| | : |
| v. | :   CIVIL NO. 4:CV-16-1638 |
| | : |
| ALEXANDRA SMITH, | :   (Judge Brann) |
| | : |
| Defendant | : |

## **MEMORANDUM**

October 19, 2016

**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Morris T. Houser, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview). Plaintiff has also submitted an in forma pauperis application.[2] For the reasons set forth below,

---

[1] The caption of the Complaint lists Plaintiff's name as being Timothy Houser. However, the Complaint and in forma pauperis application are signed by Morris T. Houser. The prisoner identification number appearing in the caption belongs to former prisoner Tracy Todd. Inmate Daniel Wesley's name appears on the return address of the envelope containing the complaint. Morris Houser will be deemed the Plaintiff.

[2] Houser completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court will issue an Administrative Order directing the Warden at his present place of

Houser's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as sole Defendant is SCI-Rockview Psychologist Alexandra Smith. According to the sparsely worded complaint, "Defendant Alexandra keep labeling me the Mahanoy City Rapist 6 and Mr. Wesley the East End Rapist who steal a candy bar." Doc. 1, ¶ IV. The Complaint adds only that these remarks were made to female employees of the Department of Corrections. Houser seeks injunctive relief as well as monetary damages.

## Discussion

### Standard of Review

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton, 504 U.S. at 33.

**Inmate Wesley**

As discussed above, the Complaint arguably includes a claim that Inmate

3

Wesley was the subject of derogatory remarks by the Defendant.  Numerous federal courts have recognized that a pro se litigant such as Houser lacks the capacity to represent the interests of a fellow inmate.  Cahn v. United States, 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp 168, 170 (D.N.J.  1992); Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998)(non-attorneys cannot litigate the rights of others); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991).  It is plain error to permit a pro se inmate litigant to represent fellow inmates.  Whalen v. Wiley, No. 06- 809,  2007 WL 433340 *2  (D.Col. Feb. 1, 2007).  Simply put, a pro se prisoner pursuing a civil rights claim in federal court "must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights."  Id.; Nilsson v. Coughlin, 670 F. Supp. 1186, 1190 (S.D.N.Y. 1987).   Accordingly, since a pro se litigant cannot represent and protect the interests of another prisoner fairly and adequately, this action will be deemed as solely pursuing a claim by Houser.  See Sacaza-Jackson v. Aviles, No. 06-4492, 2007 WL 38905 *3 (D.N.J. Jan. 4, 2007).

**Emotional Injury**

The Complaint arguably asserts that Plaintiff has suffered emotional distress for which he seeks to recover monetary damages.  See Doc. 1, ¶ V (3).  There is no allegation that Houser has suffered any physical injury.  For the reasons outlined

4

below, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury.

Title 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." It has been recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. See Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000). However, the Third Circuit added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm. Under the standards announced in Allah, Plaintiff's request for monetary relief to the extent that it seeks compensatory damages for emotional and psychological injuries for violation of his constitutional rights is barred by Section 1997e(e).

**Verbal Harassment**

Plaintiff contends that SCI-Rockview Psychologist Smith made derogatory remarks about him to other prison female staff members. Specifically, it is alleged that Smith referred to Plaintiff as being the "Mahanoy City Rapist 6." Doc. 1, ¶ IV (1). A plaintiff, in order to state an actionable civil rights claim, must plead two

essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The use of words generally cannot constitute a constitutional violation actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). However, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, No. 08-828, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, No. 00-1557, 2004 WL 1793018 *7 (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that the verbal harassment allegedly voiced against Houser was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior. Given the circumstances described by Plaintiff, the purported verbal remarks attributed to Defendant Smith, although offensive, were not of such magnitude to shock the conscience as contemplated by this Court in S.M. v.

7

Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001). Dismissal will be granted in favor of Defendant Smith.

**Conclusion**

Since Plaintiff's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge